*Judge Hxtohoook
delivered the opinion of the court:
The ground i’elied upon to reverse the judgment in this case, is, that the facts agreed, show that thei’e has been in Monroe and those under whom he claims an uninterrupted possession of more than twenty-one years, which, it is insisted, is evidence of right and constitutes a good defense in ejectment. In ordinaxy cases, there can be no doubt of the soundness of this position, and there is certainly much ingenuity displayed by counsel in striving to make it applicable to the case under consideration. Had the suit been brought in the name of Towles, or rather had the demise been in his name, there might have been more difficulty. Still, there is no statute of limitations which would pi-event Towles from the recovery of these lands. For then he has already subsisting judgment which he can, at any time, carry into execution, by complying with the law, and paying for the improvements. Whether, under these circumstances, he could sustain a new action, and set up the former recovery, to bring himself within the savings of the statute of limitations, is, to say the least of it, doubtful. But I apprehend it is not necessary to decide this point. This suit is not on the demise of Towles, but on the demise of Morris, who claims title as a purchaser for taxes. The great mistake in the argument of counsel is, in the assumption, that inasmuch as the lands were listed in the name of Towles, the tax purchaser stands in the place of Towles, and must take the land subject to all his disabilities and liabilities. In other words, that he takes the title of Towles, and nothing more.
There is a difference in sales for taxes and sales xxpon execution. The statute regulating sales upon execution, prescribes the mode of proceeding and the effect of the sheriff’s deed. He shall make to the purchaser “ as good and sufficient a deed of conveyance, for *268 the land and tenements so sold, as the person or persons against whom such writ or writs of execution were issued, might or could have made for the same, at or any time after said lands became liable to said judgment.” And the deed so made “ shall vest in the purchaser as good and as perfect an estate, in the premises therein mentioned, as was vested in the party at or after the time when said lands and tenements became liable to the satisfaction of said judgments.” 29 Ohio Stat. 105. ■ The sheriff’s deed purports to transfer the title of the judgment *debtor and nothing more. It is different in sales of taxes. True, the land taxed is not forfeited t'o the state until it has been offered for sale. But still, the state has a lien upon all land not exempt from taxation, which is calculated to be perpetual, and which can not be affected by any sale or transfer. 29 Ohio Stat. 278. Neither will any length of possession affect this lien. It can be removed in no other way than by the payment of all taxes, penalties, and interest due upon the land. When the land is sold, or rather after it has been sold two years, it is made the duty of the county auditor to make a deed to the purchaser, and the lien declares the effect of this deed to be, to “ vest in the grantee, his or her heirs and assigns, a good and valid title, both in law and equity.” And the law further provides, that the deed so made “shall be received in all courts as prima facie evidence of a good and valid title imsuch grantee, his heirs and assigns.” From these parts of the law, it is apparent that while the sheriff’s deed -purports to convey nothing more than the interest of the judgment debtors, the auditor’s purports to convey the absolute title.
To permit the statute of limitations to operate as a bar in the present case, would be in effect to defeat the lien of the state for tuxes. It woul 1 be to permit the statute to run against the government. And as well might we permit the statute to operate where the title to the land itself remains in the government, as in a case like the present. Had Monroe himself paid the taxes, then the case would have been different. True, the auditor’s deed would be prima facie evidence of title. But still, this might have been rebutted, by showing that the taxes had been paid. Such payment would have removed the lien of the state, and would have shown that the sale itself was improper. But there is no evidence or pretense of any such state of case. The plaintiff in error rests upon his naked possession, insisting that, inasmuch as *269 this would be a good defense against Towles, it must be so against Morris.
It is not so, however. The title of Morris may be considered as an original title derived from the state. And before his claim can be barred by the statute of limitations, there must have been a continuous adverse possession for the term of twenty years, commencing at a time subsequent to his purchase. There is no error in the judgment of the court of common pleas, and the same is affirmed with costs.